IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES GLOVER, # N-63676, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-282-MJR |
| | ) |
| JANE DOE (Warden), | ) |
| and JOHN BALDWIN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants unlawfully extended his sentence and his required term of Mandatory Supervised Release ("MSR"). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal.

### The Complaint

On March 13, 2014, Plaintiff was sentenced to 3 years in prison with a 1-year period of MSR (commonly referred to as parole), on a conviction for domestic battery. (Doc. 1, p. 5; Doc. 10, p. 2). On July 11, 2014, Plaintiff was released on MSR. Just over a year later, on July 16, 2015, Plaintiff's parole officer informed him that his MSR was completed.

On December 11, 2015, Plaintiff was charged with a misdemeanor for trespass to land. That case was dismissed, but the Illinois Department of Corrections "put a hold" on Plaintiff. He was returned to IDOC custody, where he was told that he should have been required to serve 4

years of MSR, not 1. On March 16, 2016, Plaintiff's IDOC records were changed to reflect the 4-year MSR period.

Plaintiff claims this increase in the MSR term violated his due process rights, and conflicts with the 1-year MSR term that was pronounced by his sentencing judge. At the time he filed this action on March 2, 2017, he claims he had been "illegally incarcerated" for over a year. (Doc. 1, p. 5). Plaintiff has been unable to get any prison officials or the IDOC Director to correct the MSR term or to release him from custody. He filed a habeas corpus case in state court, but no action has been taken. (Doc. 1, p. 6).

As relief, Plaintiff seeks immediate release from prison, as well as compensation for the "illegal imprisonment," for lost wages, and for pain and suffering. (Doc. 1, p. 7).

After filing the Complaint, Plaintiff submitted a supplement (Doc. 10). This document reviews the procedural history of Plaintiff's incarceration, release, parole violation, and return to custody, but includes some information that conflicts with the facts set forth in the Complaint. This time, he states that when he was released on July 11, 2014, his "discharge date" (presumably for the end of his MSR term) was July 12, 2018. (Doc. 10, pp. 1-2). He was charged with a parole violation on July 15, 2014, but it was withdrawn on July 16, 2014. He then was arrested in Chicago and charged with criminal trespass to land on December 12, 2015, which violated the terms of his MSR. Plaintiff has remained in custody since then.

On March 2, 2016, the Prisoner Review Board calculated that Plaintiff's projected "out date" from prison would be June 10, 2017. (Doc. 10, p. 20). However, in February 2017, Pinckneyville officials gave him a calculation that his "out date" would be December 10, 2017, and the date of his discharge from MSR would be December 9, 2019.[1] (Doc. 10, p. 2).

---

[1] Interestingly, the Illinois Department of Corrections' website states that Plaintiff's projected date of discharge from parole/MSR is December 10, 2017. Website of the Illinois Department of Corrections,

3

On April 18, 2017, Plaintiff filed an exhibit (Doc. 14), containing a number of documents. These include an excerpt from Plaintiff's trial transcript in which the court pronounced the 3-year sentence, and ordered that Plaintiff would be subject to "one year mandatory supervised release." (Doc. 14, p. 2). Plaintiff's original sentencing order dated March 11, 2014, reflected the same information. (Doc, 14, p. 3). However, he includes a later order of the trial court, dated March 15, 2016, which states: "Mitt[imus] corrected to reflect 4 years MSR Nunc Pro Tunc 3-11-14." (Doc. 14, p. 4). Finally, he includes copies of his motion for leave to file an amended state habeas corpus petition, and his proposed amended petition, which were filed in the Circuit Court of Cook County. (Doc. 14, pp. 12-19).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court shall characterize the *pro se* action in a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** IDOC officials wrongfully increased Plaintiff's MSR/parole period from 1 year to 4 years, which led to his re-incarceration in December 2015, and then extended the projected duration of his incarceration from June 10, 2017 to December 10, 2017, without providing notice or a hearing.

For the reasons to follow, this claim, and the entire action, shall be dismissed for failure to state a claim upon which relief may be granted. The dismissal shall be without prejudice.

At the outset, this Court must independently evaluate the substance of Plaintiff's claim to determine if the correct statute – in this case 42 U.S.C. § 1983 – is being invoked. *Preiser v.*

---

Offender Search page, https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (Last visited May 1, 2017).

*Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (district court should not have recharacterized declaratory judgment action as petition for habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

In the instant case, Plaintiff requests both immediate release from custody, and monetary damages. However, he cannot obtain both types of relief in the same case. Release from prison is a remedy available only in a habeas corpus action. *See Preiser*, 411 U.S. at 500; *Graham*, 922 F.2d at 381. Compensatory and/or punitive damages may be awarded in a successful civil rights action brought under 42 U.S.C. § 1983, but monetary relief cannot be awarded in a habeas corpus action.

In order to seek release from prison in federal court, Plaintiff must bring a habeas corpus action pursuant to 28 U.S.C. § 2254. However, he may only do so after he has first presented all of his claims to the Illinois courts. Ordinarily, this will involve raising every issue in the trial court, and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999);

*Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010). Plaintiff states that he has already brought a state habeas corpus action, and notes that no decision has yet been made in that case. Clearly, Plaintiff has not yet exhausted his remedies in the Illinois Courts. A federal habeas action under § 2254 would therefore be premature at this time.

Plaintiff faces another hurdle before he may sustain a claim for damages in a civil rights case brought pursuant to § 1983. He seeks compensation for what he characterizes as "illegal imprisonment" after his MSR period was lengthened and he violated its terms in December 2015, and then his current term of imprisonment was recalculated. (Doc. 1, p. 7). However, an award of damages based on a sentence or conviction that is still in force is barred by the rule explained in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original).

Here, Plaintiff has not obtained any order invalidating the sentence that he is currently serving. Therefore, he cannot be awarded any damages in this civil rights action, because to do so would necessarily imply that the sentence is invalid, when in fact it still stands. This Court is not empowered to invalidate Plaintiff's sentence in the instant civil rights case.

For these reasons, the Complaint herein fails to state a claim upon which relief may be granted. This case shall be dismissed without prejudice.

The dismissal without prejudice means that Plaintiff may bring his claim for release in a federal habeas corpus action under 28 U.S.C. § 2254 – *but only after he has exhausted his state court remedies*. Furthermore, if he obtains an order reversing, expunging, or invalidating his sentence, he may bring a future civil rights action for damages. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011) (discussed in *Gordon v. Miller*, 528 F. App'x 673, 674 (7th Cir. 2013)). The Court makes no comment on the potential merits of either of these claims.

### Disposition

For the reasons stated above, this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. All pending motions are **DENIED AS MOOT**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the

$505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 5/1/2017**

s/Michael J. Reagan
Chief Judge
United States District Court